## FRANK WEBB *v.* THE STATE.

RIGHT OF BAIL. — The mere fact that a mistrial of a capital case had resulted by disagreement of the jury does not entitle the accused to the privilege of bail, on the theory that such a mistrial shows that the proof is not "evident." So to hold, especially when bail had been once refused on a full hearing, would introduce a pernicious practice.

APPEAL from the District Court of Brazoria. Tried below before the Hon. W. H. BURKHART.

The opinion discloses the case.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J.   The appellant, having been indicted for murder in Galveston County, and the case having been transferred, by change of venue, to Brazoria County, was put upon his trial in the last-named county in April, 1878, when the jury impaneled in the case failed to agree upon a verdict, and were discharged, a mistrial entered, and the case continued.   At this stage of the proceeding the accused moved the court to admit him to bail, on the ground that because the jury had failed to agree upon a verdict, therefore the proof of his guilt was not evident, and on that account he should be released on bail.   To this application the attorney for the State filed general and special exceptions, and an answer, in which it is shown that the accused had before that time made application, by *habeas corpus*, to the judge of the District Court of Galveston County, who refused to admit him to bail, and that an appeal had been taken to this court, wherein the decision of the district judge at Galveston was affirmed ; and this he pleads in bar of the present application.

The fact of the former proceeding on *habeas corpus* before the district judge at Galveston, and the appeal and affirmance as set out, are known to this court to be substantially as stated in the plea.

On the hearing before the court in Brazoria County the motion was overruled and bail refused, and this appeal is prosecuted.

It is not shown that the application comes within any of the rules for a second application for bail when it has once been refused.   The evidence on the mistrial is not set out in the transcript.   To hold that the simple fact that a jury had failed to agree upon a verdict would entitle a party in-

dicted for the crime of murder to bail, and especially when bail had been refused after a hearing on the evidence on *habeas corpus,* would be a very dangerous practice.

We are of opinion that the district judge, under the circumstances disclosed by the record, did not err in refusing to admit the appellant to bail ; and, therefore, the judgment must be affirmed.

*Affirmed.*